**Danny BELL, Plaintiff–Appellant,**

v.

**J. MEJIA, Defendant–Appellee.**

**No. 08–17125.**

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 15, 2009.*

Filed Jan. 12, 2010.

Danny Bell, Represa, CA, pro se.

Marta Barlow, Deputy Attorney General, AGCA—Office of the California Attorney General, Sacramento, CA, for Defendant–Appellee.

Before: GOODWIN, WALLACE, and CLIFTON, Circuit Judges.

## MEMORANDUM **

California state prisoner Danny Bell appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging correctional officer Mejia violated his right to access courts and retaliated against him. We have jurisdiction under 28 U.S.C. § 1291. We review sum-

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

mary judgment de novo, *Toguchi v. Chung,* 391 F.3d 1051, 1056 (9th Cir.2004), and for abuse of discretion and proper application of legal principles an order denying a temporary restraining order, *see Earth Island Inst. v. U.S. Forest Serv.,* 351 F.3d 1291, 1298 (9th Cir.2003). We affirm.

█ The district court properly granted summary judgment for Mejia on Bell's access to courts claims because Bell failed to raise a triable issue as to whether he suffered any actual injury to his ability to litigate a habeas corpus or section 1983 action as a result of interference with his prison mail. *See Lewis v. Casey,* 518 U.S. 343, 354–55, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996) (explaining that prisoners asserting access to courts claims must show actual injury to their ability to challenge their sentences or conditions of confinement); *see also Simmons v. Sacramento County Sup. Ct.,* 318 F.3d 1156, 1159 (9th Cir.2003) (holding personal injury action not protected under *Lewis* ).

█ The district court did not abuse its discretion by denying Bell's motion for a temporary restraining order against alleged wrongdoers who are not named as defendants in this action. *See Earth Island Inst.,* 351 F.3d at 1298.

Bell's remaining contentions are unpersuasive, and his motion for the appointment of counsel is denied.

**AFFIRMED.**